**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **REBECCA CAMPBELL-LAWSON** ) <br> 3022 State Route 59, A2 ) <br> Ravenna, OH 44266 ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **SIRNA & SONS, INC.** ) <br> c/o Joseph Sirna ) <br> 7307 Aurora Road ) <br> Aurora, OH 44202 ) <br> ) <br>         Defendant. ) | CASE NO. 5:16-CV-3003 <br><br> JUDGE <br><br><br> **COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT** <br><br> **JURY DEMAND ENDORSED HEREON** |

      Plaintiff, Rebecca Campbell-Lawson, by and through counsel, brings this Complaint against Defendant, Sirna & Sons, Inc., and states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

      1.     This is an action brought by Rebecca Campbell-Lawson ("Plaintiff"), individually and as a putative representative for a collective action, against her former employer Sirna & Sons, Inc. ("Defendant"), for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* Plaintiff and the putative class members ("Putative Class") had their pay illegally docked by Defendant, Defendant failed to pay them an overtime premium for all hours worked in excess of 40 in a workweek and Defendant failed to pay them at the proper overtime rate.

**JURISDICTION**

      2.     Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

## PARTIES

3. Plaintiff is an adult individual residing in Ravenna, Ohio.

4. Defendant is a for-profit corporation registered to do business in Ohio. Pursuant to records maintained by the Ohio Secretary of State, Defendant resides in Portage County, Ohio.

5. Defendant is a wholesale food distributor with three distribution locations. Its delivery services span throughout Ohio, western and central Pennsylvania, northern West Virginia, northern Kentucky, and eastern Indiana.

## FACTS

6. At all relevant times, Plaintiff was employed by Defendant as an hourly non-exempt employee.

7. As an hourly non-exempt employee, Plaintiff frequently worked hours in excess of 40 in a workweek.

8. During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA.

9. During all times material to this Complaint, Plaintiff and the Putative Class were "engaged in commerce" within the meaning of 29 U.S.C. § 26 *et seq.* and 29 U.S.C. § 207 and subject to the individual coverage of the FLSA.

10. During all times material to this Complaint, Plaintiff and the Putative Class were "employees" of Defendant within the meaning of the FLSA.

11. Plaintiff brings this action on behalf of herself and all non-exempt hourly employees who had their pay illegally docked by Defendant, were not paid an overtime premium for all hours worked in excess of 40 in a workweek and/or were not paid at the proper overtime rate for all hours worked in excess of 40 in a workweek.

12. Defendant required Plaintiff and the Putative Class to travel to various customers' locations after their shifts had ended in order to deliver additional goods or remedy incorrect orders (i.e., "Run Backs").

13. Defendant would pay Plaintiff and similarly situated employees in cash to make such Run Backs.

14. Defendant did not include these payments for Run Backs in its calculations of Plaintiff and similarly situated employees' overtime rates, even if the Run Backs resulted in the employees working over 40 hours in a workweek.

15. Likewise, Defendant did not count the time spent on these Run Backs as hours worked for purposes of determining overtime eligibility, even if the Runs Backs resulted in the employees working over 40 hours in a workweek.

16. Defendant has a company-wide, illegal docking policy. If an employee clocks in more than 6 minutes after their scheduled shift begins, they are automatically docked 15 minutes of pay. Similarly, employees are not paid for time they perform work after their scheduled shift ends.

17. Further, if an employee requires a break during their shift, Defendant mandates them to clock out and are not paid for the duration of that break.

18. One exception is that Plaintiff and the Putative Class receive a 30 minute lunch break. But, if employees return even one minute late from the lunch break, they are automatically docked 15 minutes.

19. The identity of all members of the Putative Class is unknown to Plaintiff at this time, but is known to Defendant and is set forth in Defendant's records. Plaintiff is entitled to review these records and identify the other putative plaintiffs who have a right to join this collective action.

20. The exact amount of compensation that Defendant has failed to pay the Plaintiff and other similarly situated employees is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

21. The FLSA and the Ohio Constitution require employers to make, keep, and preserve records of wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review such records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff and the Putative Class members are entitled to submit their information about the number of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer… by one or more employees for and on behalf of himself or himself and other employees similarly situated."

24. The Putative Class members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of all present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who: (1) were not paid an overtime premium for all hours worked over 40 in a workweek; and/or (2) were not paid at the proper overtime rate for some or all of their work.

25. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

26. Plaintiff cannot yet state the exact number of potential opt-ins but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendant was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

27. Plaintiff is similarly situated to those persons and will prosecute this action vigorously on their behalf.

## COUNT ONE
### (FLSA Overtime Violations)

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Defendant is an employer covered by the overtime requirements set forth in the FLSA.

30. As employees for Defendant, Plaintiff and the Putative Class work or worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid an overtime premium and/or were not paid the correct overtime premium for all hours worked over forty (40) during a workweek.

31. Plaintiff does not qualify for an exemption from the overtime obligations imposed by the FLSA.

32. As employees for Defendant, Plaintiff and the Putative Class would make Run Backs to customers using their own vehicles, which weighed 10,000 pounds or less. Defendant would pay Plaintiff and the Putative Class cash for these Run Backs.

33. Defendant failed to count the time spent on these Run Backs as hours worked for purposes of determining Plaintiff and the Putative Class' overtime eligibility during a workweek, even if the Run Backs resulted in the employees working more than 40 hours in a workweek.

34. Defendant unlawfully excluded the Run Back payments it paid to its hourly employees in determining their "regular rates" for purposes of overtime compensation. Defendant thereby miscalculated and underpaid the overtime compensation it paid to its hourly employees, including Plaintiff and the FLSA Class.

35. Defendant has an illegal docking policy (the "Illegal Docking Policy").

36. Under Defendant's Illegal Docking Policy, if an employee clocks in more than six (6) minutes after their shift is scheduled to start, they are automatically docked fifteen (15) minutes of pay. Employees are also not paid all of the time they work after their scheduled shift.

37. Further, if Plaintiff or a member of the Putative Class required smoke or other breaks during their shift, the Illegal Docking Policy requires them to clock out and the employees are not paid for such breaks. And, if an employee returns even one (1) minute after their scheduled lunch break, they are automatically docked fifteen (15) minutes of pay. These practices result in employees actually working over 40 hours in a workweek, but not being paid an overtime premium for such time.

38. Throughout Plaintiff and the Putative Class' employment, Defendant has known that Plaintiff and the Putative Class are not exempt from the overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff and the Putative Class at a rate of one and one-half times the "regular rate" to any non-exempt employee who worked over forty (40) hours in a workweek. In spite of such knowledge, Defendant has willfully withheld and failed to pay the overtime compensation to which Plaintiff and the Putative Class are entitled.

39. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Putative Class.

40. As a result of Defendant's violations of the FLSA, Plaintiff and the Putative Class were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court… shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Award compensatory damages to Plaintiff and the Putative Class in the amount of their unpaid wages, their unpaid overtime premiums, as well as liquidated damages in an equal amount; and,

C. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Nilges Draher, LLC
7266 Portage Street, N.W.
Suite D
Canton, Ohio  44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ Hans A. Nilges
Attorney for Plaintiff