# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Hon. Kathleen B. Burke, U.S. Magistrate Judge, presiding ("District Court"), Plaintiffs Rebecca Lawson-Campbell and Patricia Morrow, individually and on behalf of the Settlement Class, and Defendant Sirna & Sons, Inc. ("Sirna"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1.	"Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Rebecca Campbell-Lawson[1] v. Sirna & Sons, Inc.*, Case No. 5:16-CV-3003.

2.	"Representative Plaintiffs" or "Plaintiffs" shall mean Rebecca Lawson-Campbell and Patricia Morrow.

3.	"Defendant" or "SIRNA" shall mean SIRNA, Inc., and all of its former, current and respective officers, directors, employees, agents, attorneys, insurers, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4.	"Settlement Class" or "Class Members" shall consist of Representative Plaintiffs Rebecca Campbell Lawson and Patricia Morrow, and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms.

5.	"Eligible Settlement Participants" consist of the employees identified in Appendix 1 who have not already joined the case, and who are current and former non-exempt employees of Defendant who performed "runbacks" in one or more workweeks between January 1, 2015 and December 31, 2016.

7.	"Parties" shall mean the Representative Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

8.	"Plaintiffs' Counsel" are Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC.  "Defendant's Counsel" are Nancy A. Noall and Morris L. Hawk of Weston Hurd LLP.

9.	"Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

---

[1] Plaintiff's legal name is Rebecca Lawson-Campbell. The caption contains a typographical error.

## RECITALS

10. On December 15, 2016, Plaintiff Rebecca Lawson-Campbell commenced the Action on behalf of herself and all others similarly situated to him with respect to the claims she asserted.

11. In the Action, Plaintiff alleged that Defendant failed to include "run-back" payments in determining Class Member's appropriate overtime rate.

12. Defendant answered the amended complaint and denied any liability or wrongdoing of any kind.

13. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendant denies these allegations.

14. Throughout this litigation the Parties engaged in informal yet comprehensive discovery regarding Plaintiff's claims and Defendant's defenses to such claims.

15. On September 20, 2017, the Parties attended a mediation with Joel Hlaverty of Frantz Ward LLP in Cleveland, Ohio and reached an agreement to settle the Action on the terms set forth in this Settlement Agreement.

16. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

17. Plaintiffs' Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable.

18. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has any liability to Plaintiff on those claims.

## SETTLEMENT PAYMENTS

19. **Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is Twenty-Five Thousand Dollars ($25,000.00), which sum will cover: (a) all of the Individual Payments to the Settlement Class; (b) Representative Plaintiffs' Class Representative Payments; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

20. **Settlement Payments to Class Members:** Twelve Thousand Three Hundred and Fifty Dollars ($12,350.00) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Settlement Class.

21. **Calculation of Individual Payments:** The Individual Payments, after deduction of the Class Representative Payments and Plaintiffs' Counsel's attorneys' fees and expenses from the Total Eligible Settlement Amount, were calculated by Plaintiffs' Counsel and approved by Defendant, and are based proportionally on each Representative Plaintiff's and each Eligible Settlement Participant's alleged overtime damages during the Calculation Period. The Individual Payments are provided in Appendix 1.

22. **Calculation Period:** The Calculation Period for Plaintiff and the Class shall mean January 1, 2015 through December 31, 2016.

23. **Retention of Individual Payments to Non-Participants:** Any Individual Payments to Non-Participants will be retained by Defendant.

24. **Treatment of Individual Payments:** The Class Member's Individual Payment will be treated as payment for wages and subject to all applicable federal and state tax withholdings.

25. **Class Representative Payments:** Five Hundred Dollars ($500.00) will be paid to Plaintiff Rebecca Campbell-Lawson as a Class Representative Payment. Two Hundred and Fifty Dollars ($250.00) will be paid to opt-in Plaintiff Patricia Morrow as a Class Representative Payment, in exchange for signing this Settlement Agreement and Release. Defendant will issue to Representative Plaintiffs Forms 1099 with respect to the Class Representative Payments. The Class Representatives will be responsible for all taxes owed on these amounts and hereby indemnifies SIRNA with respect to any tax liability arising from the Class Representative Payments.

26. **Payment for Release of Employment Claims.** One Thousand and Five Hundred Dollars ($1,500.00) will be will be paid to Plaintiff Rebecca Lawson-Campbell for the release of any and all employment-related claims she has or may have against SIRNA, which release is memorialized in a separate Agreement. Defendant will issue to Ms. Lawson a Form 1099 with respect to this payment. Ms. Lawson will be responsible for all taxes owed on these amounts and hereby indemnifies SIRNA with respect to any tax liability arising from the payment.

27. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Ten Thousand Four Hundred Dollars ($10,400) of the Total Eligible Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses. Defendant will issue to Plaintiffs' Counsel Forms 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

28. **Released Claims:** The Settlement Class will release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation,

3

liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and any applicable state wage statute where Plaintiffs may have worked for Defendant, including but not limited to the Ohio Minimum Fair Wage Standards Act for the Released Period.

29. **Released Period:** The Released Period for Plaintiff and the Class shall mean the period between January 1, 2015, and the date the District Court enters final approval.

30. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

## APPROVAL AND DISMISSAL OF THE ACTION

31. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

32. **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

33. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit C to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the form, content, and method of distribution of the notice to Eligible Settlement Participants, approving the amounts payable to Class Members and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

34. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, at Defendant's costs.

## SETTLEMENT ADMINISTRATION

35. **Distribution of Notice and Consent and Release Forms:** Defendant will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via hand delivery or by First-Class Mail (for any former employees) within thirty (30) days after the District Court grants final approval of the Settlement. Defendant will provide Plaintiffs' Counsel with copies of all Notices provided to verify that all Eligible Settlement Participants have received a Notice. If any Notices are returned as undeliverable (for example for a former employee), Defendant will make reasonable efforts to locate the Class Members and re-send the Notices. Defendant will notify Plaintiff's counsel of all undeliverable notices and certify the steps taken to locate such individuals.

36. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. The Eligible Settlement Participants may return Consent and Release Forms to Defendant or Plaintiffs' Counsel within thirty (30) days after delivery and/or mailing of the notice in the manner provided in the Notice. If the form is returned to Defendant, it shall immediately provide such consent form to Plaintiff's counsel. Plaintiff's counsel shall promptly file all such consents received with the Court.

37. **Schedule of Individual Payments:** After the expiration of the thirty (30) day period set forth in Paragraph 36, Plaintiff shall compile a list of the Eligible Settlement Participants who timely returned Notice, Consent and Release Forms and shall provide that list to Defendant's Counsel. Plaintiff's Counsel shall file such list with the Court within thirty (30) days after the consent period is completed.

39. **Distribution of Individual Payments to Class Members:** Defendant will issue the Individual Payment checks payable to the Eligible Settlement Participants as wage payments, reportable under form W-2 and subject to all applicable withholdings. Any checks that become lost or void during the (6) month period after each distribution will be reissued to any Class Member upon request and without charge to the Class Member.

40. **Distribution of Payments to Representative Plaintiff and Plaintiffs' Counsel:** Defendant will issue the checks payable to Representative Plaintiffs for their Individual Payments and Class Representative Payments, and a check payable to Plaintiffs' Counsel for the attorneys' and expenses and mail them directly to Plaintiffs' Counsel via First-Class Mail within thirty (30) days after Court approval of this Settlement.

## PARTIES' AUTHORITY

43. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

44. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

45. The Parties and Plaintiffs' Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or

encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

46. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## NO ADMISSION OF CLASS LIABILITY

47. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

48. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

49. This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

50. This Settlement (and the individual Settlement Agreement for the Release of Employment Claims signed by Ms. Lawson-Campbell which is expressly incorporated herein) contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

51. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

52. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

53. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

54. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration and distribution process.

## CLASS SIGNATORIES

55. Representative Plaintiffs execute this Settlement on behalf of themselves and in their representative capacity on behalf the Settlement Class. It is agreed that it is burdensome to have all of the Class Members execute this Agreement. This Agreement shall have the same force and effect as if each Class Member executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____   REBECCA LAWSON-CAMPBELL

_____
Representative Plaintiff, Individually
and on Behalf of the Class Members

Dated: _____   PATRICIA MORROW

_____
Representative Plaintiff, Individually
and on Behalf of the Class Members

Dated: _____		SIRNA, INC.


						By:_____

						Its:_____


Dated: _____		HANS A. NILGES
						NILGES DRAHER LLC


						By:_____
						Attorney for Plaintiffs and the Class Members


Dated: _____		MORRIS L. HAWK
						WESTON HURD, LLC


						By:_____
						Attorney for Defendant

8